# Wallis *et al. v.* Wallace.

An affidavit for an attachment against an absconding debtor, which alleges that the affiant has good grounds to believe, and does believe, that the defendant hath absconded, &c. is sufficiently certain. It is not necessary that the affidavit should adopt the precise language of the statute; it will be sufficient if the substantial requisites are complied with.

When one of the members of a firm, acting for himself and as the agent of his partners, sues out an attachment against an absconding creditor, a bond signed by him alone will be sufficient.

IN ERROR from the circuit court of the county of Oktibbeha.

Mr. Justice TROTTER delivered the opinion of the court.

The appellants commenced a suit by attachment, in the circuit court of Oktibbeha county, against the appellees, as absconding debtors. On the return of the writ, a motion was made to quash the proceedings, on the grounds of a defect in the affidavit and bond. The court sustained the motion.

The affidavit for the attachment was made by D. Wallis, one of the members of the firm at whose suit it was prayed, and, after setting forth the amount of the debt due his firm from the defendants, alleged that the affiant had good ground to believe, and did believe, that the defendants had [hath] absconded, so that the ordinary process of law could not be served upon them. The bond recites the issuance of the attachment, at the suit of the plaintiffs as partners, upon the prayer of D. Wallis, one of the firm, and is conditioned in all respects according to law. It is signed by D. Wallis, and two others as sureties.

It is objected to the affidavit that it is grounded on the mere belief of the affiant, whereas the statements contained in it should be made in positive terms.    But this is by no means necessary. The affidavit is required by law for the greater security of the debtor, and to exempt him from vexatious and groundless proceedings of so harsh a character as those by attachment.    Hence the law imposes upon the creditor the responsibility of a judicial oath before he can thus proceed; and visits him with the penalties of perjury if he wilfully abuses the privilege secured to him.    It is therefore highly important that the court should require the affidavit, which is the foundation of the attachment, to be so framed as to secure to the defendant the full benefit of the safeguard it was designed to afford him.    This affidavit, it is believed, answers fully this main purpose.    The plaintiff can as surely be convicted of perjury on this affidavit as if it had been in the most positive terms.    Perjury may well be assigned on it; for it is a well settled doctrine, that a party may be convicted of perjury who swears to his belief of a fact, if the fact do not exist, just as he may be if he state the existence of the fact positively; for it is the corrupt intent which makes the perjury, and the effect of that cannot be evaded by substituting mere belief for direct statement.

But it is further objected, that the ground stated is not sufficient to authorize the attachment.    The language of the statute is, that if any creditor shall make complaint on oath, &c. that his or her debtor hath removed or is removing out of the state, or so *absconds*, &c. that the ordinary process of law cannot be served on such debtor, &c.    The statement in the affidavit is, that the debtor *hath absconded*, so that the ordinary process of the law cannot be served on him.    Hence it is urged that the affidavit, by using the past tense instead of the present, does not correspond to the statute.    But we do not consider it necessary that the affidavit should adopt the precise language of the law; it is sufficient if the substantial requirements of the act are complied with.    If the debtor *hath absconded*, it may be assumed that he still absconds, when it is added that the ordinary process of the law cannot be served upon him; and the language of the affidavit is therefore equiva-

lent to a statement that the debtor so absconds that ordinary process cannot be served upon him.

The term *abscond*, in the act, has been considered as equivalent to the term *conceal*, which is used in connection with it. If the affidavit had stated that the debtor *"hath concealed* himself so that ordinary process *cannot* be served," it would be difficult, according to the well established grammatical construction of our language, to reconcile such statement with the argument, that he had abandoned his lurking place and had resumed his accustomed walks in society.

The objection to the bond is, that all the plaintiffs in the suit did not sign it. But we think it is sufficient that it is signed by D. Wallis, one of the members of the firm, who was acting as the agent of the other partners. This fact is apparent from the whole record; and it surely cannot be denied that one partner can bind his firm by deed in all matters which concern the prosecution of suits in which they are concerned. The bond is obligatory upon the firm, as much so as if it had been signed by the several members composing it. The law makes D. Wallis the agent for the other partners in all matters coming necessarily within the scope of the partnership. Story on Agency, 40.

This proceeding was peculiarly so. The law having made him agent, his signature affixed to the bond binds him and the other parties as much as if he had said in express terms that his signing was for himself and his partners, naming them. Chit. on Con. 203; Hall's Rep. 262.

It is in this respect like an appeal bond, which is good though signed by only one of several, who all appeal from a joint judgment. The statute of this state expressly authorizes this to be done; and yet we take it the statute introduced no new rule on this subject, and that at common law such bond would be a good one. The bond imposes no new obligation upon the principals in such case. They are already bound by the judgment, and would be equally bound for the judgment in the appellate court. The object of the bond is to increase the security of the opposite party, which is done by requiring the sureties to subscribe it. These views have been sanctioned by the Su-

Wallis *et al. v.* Wallace.

preme Court of Alabama, in Roden et al. *v.* Roland, 1 Stewart, 266; and by the Court of Appeals in Kentucky, in several cases; see Hardin's Rep. 149, 172.

The reason of these cases applies equally to attachment bonds. If the attachment is wrongfully sued out, the injured party derives his right of action for redress, not from the bond, but from the law. And the bond would be mere waste paper but for the liability it fixes upon the sureties.

The judgment must be reversed, and the cause remanded.